## South Scranton Veterans' Building and Social Club's License

*J. Harry Morosini,* for appellant.

*Peter P. Jurchak,* for Pennsylvania Liquor Control Board.

HOBAN, J., January 2, 1948.—This is an appeal from refusal of the Pennsylvania Liquor Control Board to grant a club liquor license to the above-named appellant. The board refused the license for four specific reasons: First, the operation of the Quota Act prohibits the license; second, the premises are located within 300 feet of two parochial schools; third, the bylaws of the club provide for automatic membership therein for all paid-up members in V. F. W. Post No. 3451; fourth, although certified copy of the appropriate resolution of the organization was attached to the application, the said authorization did not appear in the minutes of the club.

On the hearing de novo the parties stipulated that the testimony as taken before Examiner Hyman for the Pennsylvania Liquor Control Board could be considered as if taken on the hearing de novo. The bylaws of the club with reference to membership, and the minutes of the meeting of the club on December 7, 1946, adopting the resolution authorizing the officers to make application for a license, were also admitted without objection.

To clarify the matter of the authority of the officers to file the application, further testimony was taken at a second hearing, at which the minute book was produced, showing actual entry of the proposed resolution in the minutes of the meeting at which it was adopted. The bylaw with reference to membership was also produced and an examination of this particular section of the bylaws shows that while members of Post 3451, Veterans of Foreign Wars, are qualified and eligible for membership, nevertheless they must first submit written applications and then be duly elected to membership by the trustees.

These matters were clearly apparent on the most cursory examination by the agents of the Liquor Control Board and the examiner. It is not understood why they should be raised as objections by the control board.

The inconvenience, delay and expense caused to appellant and its officers by the necessity of producing evidence on points such as this, which were clearly apparent upon administrative examination, seems to us to be unwarranted. Sufficient to say that the objections on these two points are untenable.

The premises in question are by measurement according to the method used by the Liquor Control Board, 283 feet from one parochial school and 291 feet from a playground attached to another parochial school. In between the premises and one of the schools in question is at least one commercial licensed place. The authorities of neither school have protested the granting of the license. The head of one school has definitely approved it and the head of another school has expressed his approval to witnesses who testified. The membership in this club is almost completely drawn from the religious congregations operating the two parochial schools in question. At the hearing before the examiner there was no testimony as to the effect, if any, the licensing of these premises would have upon the conduct of the schools, the playground or the pupils who were in attendance at these schools. It is shown that the premises sought to be licensed are in a location generally considered as a neighborhood commercial area. The board, without stating a reason, examining a witness, or, so far as we are able to see, by the consideration of any factor involved, expressed as a reason for refusal that the club premises were within 300 feet of the institutions in question. We are of the opinion that the exercise of the discretionary power of the board to refuse a license because of proximity to such institutions was done in an arbitrary and unreasonable manner. The board well knows that in this community there are many licensed premises in various locations within 300 feet of churches, schools or playgrounds. It would be unjust and discriminatory to refuse this application for that reason alone, if other

premises in similar situations were allowed to be licensed. See Appeal of Rascona, 46 D. & C. 473; Lyfolmar's Appeal, 48 Lack. Jur. 65; Wilson-Conklin Post No. 579, American Legion Appeal, no. 242, April sessions, 1947, in this county.

The remaining objection that the issuance of this license would violate the Quota Law has been ruled upon by this court many times. In our opinion, bona fide clubs are not within the provisions of the Quota Law so far as the issue of club liquor licenses is concerned.

Now, January 2, 1948, the appeal of the South Side Veterans Building and Social Club is sustained, and the Pennsylvania Liquor Control Board is directed to issue club liquor license for the premises at 1122 Prospect Avenue, in the City of Scranton, Lackawanna County, Pa.